IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| **ROSEANNIE CUFFY** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **CIVIL NO. ST-19-CV-99** |
| | ) | |
| **v.** | ) | **BREACH OF CONTRACT,** |
| | ) | **BREACH OF IMPLIED COVENANT** |
| **BANK OF NOVA SCOTIA f/k/a** | ) | **OF GOOD FAITH & FAIR** |
| **SCOTIABANK and JANE DOE** | ) | **DEALINGS, BAD FAITH** |
| **INSURANCE COMPANY** | ) | |
| Defendants. | ) | **JURY TRIAL DEMANDED** |
| _____ | ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS BANK OF NOVA SCOTIA AND
ASCENDANCY USVI, LLC'S MOTION TO DISMISS**

**COMES NOW** Plaintiff **ROSEANNIE CUFFY** through her attorney the **LAW OFFICES OF CLIVE RIVERS** (Clive Rivers, Esq.) and submits her opposition to Defendants Bank of Nova Scotia and Ascendancy USVI, LLC's Motion to Dismiss. In support of this opposition the Plaintiff avers:

I.      INTRODUCTION AND FACTUAL BACKGROUND

Plaintiff filed a three-count Complaint in the Superior Court of the Virgin Islands that alleged breach of contract, breach of implied covenant of good faith and fair dealings, and bad faith in response to the Defendant's failure to pay Plaintiff for loss and/or damage sustained on her property located at Parcel No. 19-2-10 Estate Smith Bay, St. Thomas, U.S. Virgin Islands as a result of Hurricanes Irma and Maria.

Defendant holds a mortgage on Plaintiff's property. The terms of the mortgage provides that in the event the Plaintiff does not purchase insurance for the property, the Defendant would purchase insurance (Lender-Placed Insurance) and include the cost of said insurance in the monthly mortgage payments paid by Plaintiff. Defendant purchased lender-placed insurance for the property and never disclosed the name of the insurer. Accordingly, it is the belief of the

Plaintiff that in this instance, the Defendant opted to self-insure and consequently, became both mortgagor and insurer of the Plaintiff's property.   Ultimately, the Lender-Placed Insurance was paid for by Plaintiff and was her insurance policy for her home.  The 2017 Hurricanes Irma and Maria damaged Plaintiff's property to the extent that necessitated Plaintiff file a claim for loss/damage property with the Defendant.  This matter is the result of the Defendants failure to pay on that claim.

On October 24, 2019, the Defendant moved the matter to the District Court premised on the claims arising under 12 U.S.C. 2605 and on November 6, 2019, filed its Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

## II.     LEGAL STANDARD OF REVIEW

Fed R. Civ. P. 12(b)(6) permits the Plaintiff to move to dismiss a claim for failure to state a claim upon which relief can be granted. "In considering a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the Court must separate the factual allegations from the legal conclusions and accept the factual allegations as true. The Court will construe the Complaint in the light most favorable to the Plaintiff.   "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Manns v. The Leather Shop Inc*., 960 F.Supp. 925 (V.I. 1997) (*citing Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683 1686, 40 L.Ed.2d 90 (1974). "Rule 12(b)(6) motions test the sufficiency of the pleadings and are designed to "screen out cases" in which there is no remedy for the wrong alleged or no relief could possibly be granted." *Id.*

### A.   Plaintiff sufficiently pled a claim for breach of contract

In the instant matter, Plaintiff sufficiently pled her breach of contract claim against the Defendant to survive the instant motion to dismiss.  Plaintiff alleged: a contract between the parties. Complaint at ¶¶2, 6; that the Defendant breached its duty under the contract (Complaint at ¶12); and the Plaintiff suffered damages as a result of the breach (Complaint at ¶12).   The

Third Circuit noted that to adequately plead a claim for breach of contract, "[Slack] must allege facts giving rise to a reasonable inference that discovery will reveal evidence that 'there was a contract, [Bank of Nova Scotia] breached it, and [she] suffered damages from the breach.'" *Scobie v. Flagstar Bank, FSB* (D. V.I., 2019)(*citing Wells Fargo v. Davis*, 824 F.3d 333, 351( 3d Cir. 2016). Under the *Scobie* standard, the Plaintiff has sufficiently pled a breach of contract claim against the Defendant. Further, because Implicit within the mortgage is a contract between the Plaintiff and Defendant.

### B. Plaintiff sufficiently pled her claim of breach of implied covenant of good faith and fair dealing

"Every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement." *Restatement (Second) of Contracts* § 205 (1981); *See also Jo–Ann's Launder Center, Inc. v. Chase Manhattan Bank, N.A*., 854 F.Supp. 387, 390 (*holding* that Virgin Islands law, in accordance with the Restatement (Second) of Contracts, "permit [s] a cause of action for breach of the implied duty of good faith and fair dealing in a loan contract between a lender and a borrower"). Comment (a) to Section 205 defines good faith as "honesty in fact in the conduct or transaction concerned." *Restatement (Second) of Contracts* § 205 cmt. (a) (quoting U.C.C. § 1–201(19)). The Restatement further provides:

Good faith performance or enforcement of a contract emphasizes faithfulness to an agreed common purpose and consistency with the justified expectations of the other party. Thus, to state a claim for breach of the implied duties of good faith and fair dealing, a party must allege: (1) that a contract existed between the parties, and (2) that, in the performance or enforcement of the contract, the opposing party engaged in conduct that was fraudulent, deceitful, or otherwise inconsistent with the purpose of the agreement or the reasonable expectations of the parties. *See LPP Mortg. Ltd. v. Prosper*, 50 V.I. 956 (D. V.I., 2008); *Boehm v. Chase Manhattan Bank*, 2002 WL 31986128, *4–5 (D.V.I.2002); *Robinson v. Hess Oil V.I. Corp*., 19 V.I. 106, 112 (D.V.I.1982); *Restatement (Second) of Contracts* § 205.

*Cuffy. Bank of Nova Scotia*
Case No. 19-CV-99
Plaintiff's Opposition to Defendant's Motion to Dismiss
Page 4

In the matter before the Court, the Plaintiff sufficiently pled her claim of implied breach of covenant of good faith and fair dealing.   Plaintiff's Complaint stated that a contract exists between the parties. (Complaint at ¶¶2, 7); and that in the enforcement of the contract, the Defendant engaged in conduct that was otherwise inconsistent with the purpose of the agreement or the reasonable expectations of the parties. (Complaint at ¶¶12, 16, 24).    Contrary to the Defendant's position, Plaintiff is a third party intended beneficiary of any Forced Place Insurance policy that the Defendant purchased for Parcel No. 19-2-10 Estate Smith Bay, St. Thomas, U.S. Virgin Islands 00802.

Here, as in *Scobie*, Plaintiff alleged that she is the mortgagor and owner of the Property. *See* Complaint at ¶¶2, 6). Similarly, Plaintiff alleged that the Defendant is obligated to cooperate with the Plaintiff in compensating her for damage sustained as a result of the Hurricanes Irma and Maria. (Complaint at ¶¶6-9, ¶¶20- 22). Plaintiff submits that "taking these allegations as true, demonstrate that a key benefit of the Policy, the repair and restoration of the Property, inures to [Plaintiff]. Thus, Plaintiff's interest is not merely incidental to the [insurance] policy, but a central part of the policy's coverage." *Scobie v. Flagstar Bank, FSB* (D. V.I., 2019). Accordingly, Plaintiff is a third party beneficiary of the Forced Policy Insurance coverage purchased by Defendant.

Although "[t]here is noting in the statutory language of RESPA that places the burden on the loan servicer to contract with a private insurance company to either obtain or renew hazard insurance policy for the borrower, or to procure a policy with any particular level of coverage," *Defendant's Memorandum of Law in Support of Motion to Dismiss* at 7, the genesis of Defendant's duty of good faith and fair dealing in the settlement of Plaintiff's claim lie within existence of the mortgage agreement between the parties. While RESPSA governs certain responsibilities of the Defendant, including when a right exists for the purchase of force-placed insurance, RESPA does not extinguish Plaintiff's common law claims of breach of contract, breach of good faith and fair dealing, and bad faith.

*Cuffy. Bank of Nova Scotia*
Case No. 19-CV-99
Plaintiff's Opposition to Defendant's Motion to Dismiss
Page 5

## C. Plaintiff sufficiently pled Count III- Bad Faith

As with Plaintiff's other claims, her claim of bad faith against the Defendant is also pled sufficiently. "[I]n the Virgin Islands, in order to make out a cause of action for the tort of bad faith a plaintiff will be required to show: 1) the existence of an insurance contract between the parties and a breach by the insurer; 2) intentional refusal to pay the claim; 3) the non-existence of any reasonably legitimate or arguable reason for the refusal (debatable reason) either in law or fact; 4) the insurer's knowledge of the absence of such a debatable reason or 5) when the plaintiff argues that the intentional failure results from the failure of the insurer to determine the existence of an arguable basis, the plaintiff must prove the insurer's intentional failure to determine the existence of such a debatable reason." *Justin v. Guardian Ins. Co., Inc*., 670 F.Supp. 614 (D. V.I., 1987). "[B]ad faith may be overt or may consist of inaction, and fair dealing may require more than honesty. A complete catalogue of types of bad faith is impossible, but the following types are among those which have been recognized in judicial decisions: evasion of the spirit of the bargain, lack of diligence and slacking off, willful rendering of imperfect performance, abuse of a power to specify terms, and interference with or failure to cooperate in the other party's performance." *LPP Mortg. Ltd. v. Prosper*, 50 V.I. 956 (D. V.I., 2008).

In the matter before the Court on the claim of bad faith, the Plaintiff alleged a contract between the parties (Complaint at 2, 6) and a breach of said contract by the Defendant (Complaint at ¶¶11,22-25); that the Defendant did not pay Plaintiff claim (Complaint at ¶¶22-26), that non-existence of a legitimate reason for the Defendant's refusal to pay (Complaint at ¶26); and that the Defendant knew its refusal was void any legitimate reason (Complaint at ¶26). Plaintiff's claim of bad faith sets forth the requisite elements for a cognizable bad faith claim in conformity with the requirements set forth in Rule 8(a) of the Federal Rules of Civil Procedure and does not present a situation where "the factual detail in a complaint is so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8." *See Abiff v. U.S. Hous. & Urban Dev*. (D. V.I., 2019). Further, "In ruling on a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), courts accept a plaintiff's 'factual allegations as true,

*Cuffy. Bank of Nova Scotia*
Case No. 19-CV-99
Plaintiff's Opposition to Defendant's Motion to Dismiss
Page 6

[and] construe the complaint in the light most favorable to the plaintiff.'" *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (quotation omitted). The complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face: to survice a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *United States v. CMGC Bldg. Corp.* (D. V.I., 2019). Plaintiff's claims achieved the threshold requirements set forth in *Ashcroft* and its progeny to survive a motion to dismiss.

**FOR THE STATED REASONS**, the Plaintiff moves this Honorable Court to deny Defendant's Motion to Dismiss for pursuant to Fed. R. Civ. P. 12(b)(6).

Respectfully submitted,

LAW OFFICE OF CLIVE RIVERS

Dated: March 27, 2020

  /s/Clive Rivers
CLIVE RIVERS, ESQ.
8000 Nisky Center, Suite 233
St. Thomas, Virgin Islands 00802
Tel: (340)776.4666
Fax: (340) 776.4525
Email:ccrivers64@gmail.com

*Cuffy. Bank of Nova Scotia*
Case No. 19-CV-99
Plaintiff's Opposition to Defendant's Motion to Dismiss
Page 7

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 27 day of March, 2020 I electronically filed the foregoing Plaintiff's Opposition to Defendant's Motion to Dismiss with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Carl Ann Rich, Esq.
Malorie Winnie Diaz
Dudley Rich LLP
5194 Dronningens Gade, Suite 3
St. Thomas, VI 00802
Tel: (340) 776-7474
Fax: (340) 776-8044
Email: crich@dudleylaw. com
Email: mdiaz@dudleylaw.com


/s/ Clive Rivers